(No. 21571.—

LYNN RICHARDS, Trustee, *et al. vs.* JOHN W. DAVIS *et al.* Plaintiffs in Error.—(BERNARD F. JUSTUS, Defendant in Error.)

*Opinion filed April 22, 1933.*

V. S. LUMLEY, for plaintiffs in error.

MAURICE T. JOHNSON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

A decree by default for the specific performance of a contract between Bernard F. Justus as vendee and John W. Davis as vendor was rendered by the circuit court of Mc-

278

Henry county at its January term, 1932, which required John W. Davis and Daisy E. Davis, his wife, to convey to Justus lot 13 in the re-subdivision of lot 7 of block 11 in Riverside Park subdivision No. 2, in McHenry county. This writ of error was sued out by John W. and Daisy E. Davis to review the decree.

On December 23, 1929, James Stearns filed his bill against John W. and Daisy E. Davis to enforce a mechanic's lien on all the premises in Riverside Park subdivision No. 2, including lot 7 of block 11 of that subdivision. Lot 7 has been re-subdivided, and lot 13 of the re-subdivision is the lot in controversy in this case. On April 25, 1931, Lynn Richards, trustee, and others, filed a bill to foreclose two trust deeds against all the property in Riverside Park subdivision and Riverside Park subdivision No. 2, and John W. and Daisy E. Davis were made defendants to this bill, having executed the trust deeds. On September 30, 1931, Bernard F. Justus, pursuant to leave of court, filed an intervening petition in the latter case, setting up that on July 29, 1930, he purchased from Davis lot 13 in the re-subdivision of lot 7 of block 11 in Riverside Park subdivision No. 2 and delivered his check to Davis for $190, which Davis indorsed; that upon delivery of the check Justus received a receipt to apply on the purchase of lot 13, which was purchased for $595. He took possession of the lot and built thereon a small cottage, which later Davis re-possessed himself of and withheld the possession of from Justus. The petition stated that Justus believed that the trust deeds being foreclosed were a lien upon his property and he offered to pay the balance of the purchase price, but Davis refused to accept it, claiming that the lot was never sold and the petitioner had without right or authority erected a building on it. The petition further recited the purchase of a sheriff's certificate of sale against the plaintiff in error John W. Davis in favor of the Corn Belt Bank of Bloomington by the plaintiff in error Daisy E. Davis. The petitioner claimed

that such purchase was a redemption and not a purchase. The petition alleged that Daisy E. Davis was attempting to defraud him out of his building erected on the premises, and asked that the premises described be conveyed to the petitioner by the plaintiffs in error. It further showed that certain judgments had been obtained against the plaintiffs in error and demanded that Davis remove the liens of the judgments from the premises. The petitioner further showed that he had offered to Davis payments under the contract, which payments were refused on the ground that no sale was ever made of the lot.

During the September term, 1931, on December 17 an order was entered consolidating the foreclosure suit and the mechanic's lien suit, and at the January term, 1932, all the defendants to the intervening petition except Frank J. Green, receiver of the United States Bank of Crystal Lake, were defaulted and the cause on the intervening petition was heard in open court, resulting in the decree for specific performance. On February 11, 1932, during the January term of the court, the defendant John W. Davis entered a motion to vacate the decree rendered on the intervening petition, which was continued until February 16 and later until February 23, when evidence was heard. The abstract shows that on March 29, 1932, Davis filed an answer to the intervening petition, and that on March 31, 1932, still in the January term, on motion of John W. and Daisy E. Davis to vacate the decree theretofore entered on the intervening petition of Justus, the court, being fully advised in the premises, ordered that the motion be continued, and directed that the deed be made in accordance with the order of January 15, 1932. Davis' answer denies that he or Daisy E. Davis, his wife, sold lot 13 to Justus, and states that he had no knowledge of any check being signed by Justus for many months after the date of said pretended check, and denies that he ever indorsed the check or that the check was paid to anyone for his benefit; that

he never authorized it to be paid; that he is not apprised as to any receipt for said sum; that he never authorized anyone to execute such receipt, and denies that the purchase price of the lot could have been $550, for the reason that no such contract was ever made by him. He notified Justus that he had given no one authority to sell the lot and that Justus should proceed no further with his building, but Justus did proceed and erected his building on the lot; that he has no interest and there is no residue or remainder due him from Justus for said lot, for the reason that the lot was never sold.

The decree finds, in accordance with the allegations of the intervening petition, that on July 29, 1930, the intervening petitioner, Justus, purchased the lot in question from John W. Davis for a consideration of $595 and paid in cash $10 and gave his check to Davis for the further sum of $190, which bears Davis' indorsement and was paid by the bank on which it was drawn; that at the time of payment of the check and money Justus entered into a contract for a small cottage, and the cottage was erected and occupied by Justus from September 1, 1930, to March 1, 1931, and that Davis took possession of the house and lot and ever since Justus has been unable to get possession of the property. The court further finds that Justus is entitled to a deed free and clear of the incumbrance upon payment of the $395 still due on the premises; that the premises are incumbered with a trust deed; that the proceeds of the sale of the lot should be used for the purpose of settling the mortgage; that the purchase of the certificate of sale from the Corn Belt Bank of Bloomington by Mrs. Davis was a mere redemption from said sale; that the assignment of the certificate to Mrs. Davis merely constituted a redemption of the premises and she took no interest or title in them or the share belonging to Davis. It was therefore decreed that Justus pay to Frank J. Green, receiver of the United States Bank of Crystal Lake, the

sum of $395 within ten days and make an adjustment of the liens, and that he then make settlement of the claim due James Stearns, the sum of $20, and that Stearns release the lot from any liens. It was further ordered that upon John W. or Daisy E. Davis refusing or neglecting to make the deed of conveyance the master in chancery is directed to make such deed, and that John W. and Daisy E. Davis, within ten days from the date of the decree, abandon and surrender possession of the premises described; that in case John W. or Daisy E. Davis refuses to surrender possession of the premises, a writ of assistance should issue out of the court to dispossess them.

The decree cannot be sustained. It is based on a contract of purchase by Justus from John W. Davis and it decrees the conveyance by John W. and Daisy E. Davis. The petition does not allege, and the decree being by default does not find, that Justus was able and willing to pay the purchase price. The petition alleges that the purchase price was $595, of which $200 was paid, but it does not allege when or how the remaining $395 was to be paid or whether the time for its payment had arrived, whether it was to be paid in one sum or in installments, or whether the deferred payments bore interest. It does allege that the petitioner offered to pay the balance of the purchase price but Davis refused to accept the sum, but it does not allege when the offer was made, what sum was offered, whether the balance of the purchase price was then due or what amount was due, or whether he had the amount ready to deliver if Davis had been willing to accept. The decree made no finding of any tender of performance by the petitioner, and since the decree was rendered by default there could be no finding of fact which would support the decree beyond the allegations of the petition. It is true that the court heard some evidence, but the decree must rest upon the allegations of the petition. No evidence could warrant granting relief not founded on the allegations of fact con-

tained in the petition. The decree finds that Mrs. Davis' purchase of the certificate of sale of the premises under the judgment of the Corn Belt Bank was merely a redemption from the sale and that by the assignment of the certificate she acquired no interest. There was no allegation in the petition upon which to base such a decree. The only allegation on the subject in the petition is that the petitioner claims that such purchase was a redemption and not a purchase. This is not the allegation of any fact which could be made the basis of a decree. There is no allegation in the petition that Mrs. Davis was a party to the contract, and yet she is decreed to make a conveyance of the property and surrender the possession, and a writ of assistance is awarded against her.

The brief and argument of the plaintiffs in error is confined almost entirely to the question of the Statute of Frauds, though the Statute of Frauds was not referred to in the pleadings. It would seem unnecessary to say that the Statute of Frauds cannot be relied on as a defense unless it is pleaded. It is an unusual proceeding to continue a motion to vacate a decree for the specific performance of a contract to a future term of court and in the same order to direct that the deed be made and the writ of possession issued in accordance with the decree. The record as it has been presented to us in the abstract is in a very unsatisfactory condition. The terms of the supposed contract of purchase are not made clear, the acts of performance are not definitely shown, and the relief granted is not shown to be justified either by the allegations of the bill or the evidence.

The decree is reversed for want of both allegations and evidence and is remanded for a hearing *de novo*. The parties should be allowed to amend their pleading if they so desire.
                                        *Reversed and remanded.*