Fidelity and Deposit Company of Maryland, Appellant, v. Kenneth J. Stanford, Appellee.

Gen. No. 40,044.

Opinion filed June 13, 1938.

Kiggins & Jones, of Chicago, for appellant; Hiram T. Gilbert, J. T. Kiggins and R. D. Jones, of Chicago, of counsel.

No appearance for appellee.

1

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover on a judgment for $1,285.42, entered by a New York court, which judgment plus interest and costs amounted to $1,812.44 at the time of the filing of the suit. Defendant was served with summons but failed to appear or answer, and was defaulted. Afterward, on June 3, 1937, judgment was entered against him for the amount of the claim. November 17, 1937, defendant filed his petition in which he alleged that the municipal court of Chicago was without jurisdiction to entertain the action because the suit was on a foreign judgment exceeding $1,000, and reference was made to section 2 of the Municipal Court Act (par. 357, ch. 37, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 108.028]). The next day plaintiff filed an answer to the petition and on the same day an order was entered which recites that the defendant's motion to vacate the judgment came on to be heard and the matter was continued until November 22; an order was entered on that day sustaining defendant's motion and dismissing plaintiff's suit at its costs, and it prosecutes this appeal.

The defendant has not appeared in this court. The question for decision, as presented by counsel for plaintiff in their brief, is, Has the municipal court of Chicago jurisdiction in an action based on a foreign judgment exceeding $1,000?

Section 2 of the Municipal Court Act provides: "That said municipal court shall have jurisdiction in the following cases:

"First. Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, whether implied in law or implied in fact, when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000)."

In *Brown v. Gerson,* 182 Ill. App. 177, it was held that section 2 of the Municipal Court Act, which at that time (1912) provided that the municipal court of Chicago should have jurisdiction of "all actions on contracts, express or implied," did not confer jurisdiction to maintain an action based on a judgment entered by the circuit court of Cook county.

In *People v. Dummer,* 274 Ill. 637, two suits in debt, as cases of the first class, were brought in the municipal court of Chicago against the defendant for taxes alleged to be due on defendant's personal property. There was a trial and judgment in plaintiff's favor for more than $19,000, and the defendant appealed. One of the points urged for reversal was that the municipal court had no jurisdiction of the action. The contention was upheld and the judgment reversed. That case was decided in 1916, at which time the provision of section 2 of the Municipal Court Act was the same as it was when the Appellate Court decided *Brown v. Gerson.* Section 2 of the Municipal Court Act, which was in effect at the time of the decisions in the two cases mentioned, was amended by an act of the legislature in 1931, which was adopted by the voters in 1932. That section, so far as pertinent here, as amended is: "Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, *whether implied in law or implied in fact,* when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000)." The words we have italicized were added by the amendment. The amendment to section 2 which changed the words "actions on contracts, express or implied," to "actions on contracts, express or implied, whether implied in law or implied in fact," must be given some effect. We must assume that when the amendment was passed by the legislature it knew the existing law and that its purpose in enacting the amendment was to make some

change in the former law. *Sylvester v. Buda Co.*, 281 Ill. App. 139.

By sec. 1, ch. 28, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 27.12], the common law of England was, with certain exceptions, declared the law of this State, and is the law at the present time except in so far as it has been repealed by legislative authority or changed or modified by custom as found in decisions of our courts. *Sylvester v. Buda Co.*, 281 Ill. App. 139. Blackstone in his Commentaries says (vol. 3, pp. 159–60) : "From these express contracts the transition is easy to those that are only *implied* by law. Which are such as reason and justice dictate, and which, therefore, the law presumes that every man has contracted to perform, and upon this presumption makes him answerable to such persons as suffer by his non-performance.

"Of this nature are, first, such as are necessarily implied by the fundamental constitution of government, to which every man is a contracting party. And thus it is that every person is bound, and hath virtually agreed to pay such particular sums of money as are charged on him by the sentence, or assessed by the interpretation of the law. . . . Whatever, therefore, the laws order any one to pay, that becomes instantly a debt which he hath beforehand contracted to discharge. And this implied agreement it is that gives the plaintiff a right to institute a second action, founded merely on the general contract, in order to recover such damages, or sum of money, as are assessed by the jury and adjudged by the court to be due from the defendant to the plaintiff in any former action. So that if he hath once obtained a judgment against another for a certain sum, and neglects to take out execution thereupon, he may afterward bring an action of debt upon this judgment, and shall not be put upon the proof of the original cause of action; but upon showing the judgment once obtained, still in full force, and yet unsatisfied, the law immediately implies that, by the

original contract of society, the defendant hath contracted a debt, and is bound to pay it." We think adding the words, ''whether implied in law'' to section 2 of the Municipal Court Act (that court prior to the amendment having had jurisdiction of ''actions on contracts, express or implied'') invested the municipal court with jurisdiction to maintain an action based on a foreign judgment, because, as Blackstone says, where a judgment has been obtained and not satisfied, ''the law *immediately implies* that, by the original contract of society the defendant hath contracted a debt, and is bound to pay it.''

We hold that the municipal court had jurisdiction of the action, and the judgment of that court dismissing the suit is reversed and the cause remanded with directions to reinstate the judgment in favor of plaintiff and against defendant.

*Reversed and remanded with directions.*

McSURELY and MATCHETT, JJ., concur.