**Katherine N. Kellogg, Appellee, v. Wilbur F. Kellogg, Appellant.**

**Gen. No. 40,797.**

Opinion filed December 13, 1939.

WILLIAM E. CLOYES, HARVEY L. CAVENDER and HERBERT J. CHOICE, all of Chicago, for appellant.

J. COLBURN HAMILTON, of Chicago, for appellee; DAVID A. CANEL and DANIEL F. KEMP, both of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On September 16, 1930, plaintiff filed a petition against the defendant in the Supreme Court of the District of Columbia. Therein she averred that she was a citizen of the United States and a resident of the District; that defendant was also a citizen of the United States and a resident of the District; that the parties were married in the city of Washington on September 29, 1915; that two children were born of the marriage, both of whom were then in the custody of the plaintiff; that the couple lived together and cohabited as husband and wife until March 31, 1928, when they separated on account of the conduct of defendant; that during their married life she conducted herself as a faithful and obedient wife; that defendant committed acts, which gave her the right to a divorce, in which she asked for custody of the children, for alimony and support money and for such other further relief as the nature of the case required. On September 9, 1931, defendant filed

an answer, wherein he denied that the separation was caused by any wrongful conduct on his part. The answer also set out that he was then a resident of the city of Chicago. The defendant is a patent attorney. On November 24, 1933, an interlocutory decree of absolute divorce was entered, and on March 12, 1934, a final decree was entered. The decree, in addition to awarding a divorce to plaintiff, gave custody of the children to plaintiff and directed that the defendant pay to her as permanent alimony for the support and maintenance of herself and the children, the sum of $100 per month, payable on the first day of each month. At the time the decree of divorce was entered, defendant was a resident of Chicago. In the divorce action, Alvin L. Newmyer appeared as attorney for the defendant. The name of the Supreme Court of the District of Columbia has been changed to the District Court of the United States for the District of Columbia. On February 23, 1937, R. E. Wellford, attorney for plaintiff in the divorce case, filed a motion in the district court and therein moved the court to enter a judgment in behalf of plaintiff for arrears in alimony under the decree entered on March 12, 1934. The motion was supported by an affidavit of plaintiff, wherein she itemized by month and year the amounts of temporary and permanent alimony which she asserted defendant had not paid her, amounting to $2,740. On the same day, Mr. Wellford, attorney for plaintiff, filed a notice, addressed to Alvin L. Newmyer, attorney for defendant. The notice reads:

"Please take notice that the points to be submitted in support of this motion, and the authorities intended to be used are attached hereto. The rules of the above entitled Court require, that if you oppose the granting of the above motion, you or your attorney in this cause shall, within five days from the date of service of a copy of this motion upon you, or such further time as the Court may grant, or as the parties to the suit may agree upon, file in reply with the clerk of said Court, a

statement of the points and authorities upon which you rely, and serve a copy thereof upon counsel for the plaintiff.

"Richard E. Wellford,
Attorney for Plaintiff

"Service acknowledged this 23rd day of February, 1937.

"Alvin Newmyer,
Attorney for Defendant
By: R. E. Wellford."

On February 25, 1937, Mr. Newmyer, attorney for defendant, wrote a letter to Mr. Wellford, which reads:

"I have your letter of February 23rd enclosing modified motion for judgment and execution in the case of *Kellogg v. Kellogg,* Equity No. 51878, and note that you signed my name as acknowledging service on the original when you did not find me in motion court yesterday. I do not know whether or not I still represent the defendant and the question whether I have the authority to accept service on such motion for him inasmuch as the final decree was entered some time ago in the case and I have had no communication from him since that time. Therefore, do not use the acceptance of service which was signed on my behalf as against my client, but I would prefer that my own status be first determined, and in order to ascertain this I have forwarded to the last known address of Mr. Kellogg the papers which you mailed me. As soon as I hear from him, I will communicate with you.

"In the meantime, kindly see that no judgment is entered on the papers as filed by you.

"Thanking you, and with kind regards, I remain,

Yours very truly,
A. L. Newmyer."

The letter explains why Mr. Wellford acknowledged the notice of February 23, 1937. Apparently, Mr. Newmyer did not consider that the action of the opposing attorney was irregular. On March 1, 1937, the attorney for defendant (in the divorce case) wrote the attorney

for plaintiff (in the divorce case) that he had received a communication from his client, which stated that his client would communicate with him further within the next three weeks. In the letter the attorney for the defendant requested the attorney for plaintiff to hold the matter in *status quo* until he heard further from him. On April 8, 1937, the attorney for defendant again wrote the attorney for plaintiff, stating:

"In the Kellogg case, I have received a telegram from Mr. Kellogg, stating that by reason of his illness he has been delayed in responding to my letters and requesting an extension of time for one week more, which will be until April 19th. Will you kindly see that the motion is postponed until that time, and in the meantime I hope to have some word for you.

"With kind regards, I remain,"

On April 23, 1937, the District Court of the District of Columbia decreed that the defendant pay plaintiff the sum of $2,740, "said sum being amount of arrears of alimony due plaintiff under order of court up to and including the 28th day of February, 1937, and unpaid, and that plaintiff shall have judgment for said amount with execution as at law."

The following rules of the District Court of the United States for the District of Columbia are pertinent in deciding the issues:

"The law rules shall apply in equity and equity rules shall apply at law unless inconsistent with the rules prescribed.

"Every requirement in these rules or in any order of the Court or Judge for the giving of notice to any party or his counsel may be complied with unless otherwise specifically provided by giving prescribed notice to his counsel of record having an office in this district.

"If any attorney be permitted by Court to withdraw his appearance for any party to any cause, said attorney, notwithstanding his withdrawal, shall be deemed to be the attorney of record for such party for the purpose of service of papers only until such time as an-

other attorney shall enter his appearance of record for such party and give notice thereof to adverse counsel."

On May 20, 1937, plaintiff filed a statement of claim in the municipal court of Chicago and asked judgment against defendant for the sum of $2,740 because of the judgment recovered in the district court on April 23, 1937. Defendant answered. On July 1, 1938, plaintiff moved for a summary judgment. Defendant also filed an affidavit in opposition to the motion for summary judgment. On July 28, 1938, the court entered a summary judgment against defendant in the sum of $2,898.40, and defendant prosecuted an appeal to the Supreme Court. That court in the case reported in 371 Ill. 241, decided that the record did not show that a constitutional point on which appellant relied had been raised or ruled on in the trial court, and that therefore the point could not serve as a basis for a direct appeal. Hence, the Supreme Court transferred the case to this court.

The first criticism leveled at the judgment is that section 57 of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 181; Jones Ill. Stats. Ann. 104.057] is unconstitutional. The Supreme Court disposed of the objection by saying that it had not been raised or ruled on by the trial court. Furthermore, the provisions of the Civil Practice Act are inapplicable to the municipal court of Chicago unless expressly declared to be applicable by the rules adopted by the judges of that court. The procedure on appeals, however, is governed by the Civil Practice Act and the rules adopted thereunder.

The second objection interposed is that an issue of fact was raised by the pleadings and affidavits, and that it was error for the court to enter a judgment without granting to the defendant a trial of the issues raised. In *Diversey Liquidating Corp. v. Neunkirchen*, 370 Ill. 523, the court declared that paragraph 3 of Rule 111 of the municipal court of Chicago was invalid in that it denied a litigant the right of a trial of the issues made by the pleadings and affidavits. Here,

however, there is no dispute as to the facts. The record herein contains all of the proceedings in the District Court of the District of Columbia, and there is no dispute as to what occurred. In our opinion, only questions of law were raised by the pleadings and affidavits. Therefore, there was no triable issue of fact for the court. We are called upon then to determine whether the court ruled correctly on the points of law raised.

The case was filed and prosecuted under the provisions of section 2 of the Municipal Court Act (sec. 357, ch. 37, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 108.028]) which gives the court "jurisdiction of all actions on contracts, express or implied, whether implied in law or implied in fact, when the amount claimed by the plaintiff, exclusive of costs, exceeds $1,000.00." Defendant insists that plaintiff could not sue in the municipal court on the judgment recovered in the district court. He contends that the action is not on a contract, "express or implied, whether implied in law or implied in fact." In all of the reported decisions the courts of this State have held that an action on a judgment or decree is an action in debt and not in assumpsit. In *Dow v. Blake,* 148 Ill. 76, the Supreme Court decided that an action of debt lay in this State upon a final decree for alimony rendered in another State, and that the constitution of the United States requires that full faith and credit be given to such decree in every other State. In the case of *Brown v. Gerson,* 182 Ill. App. 177, this court held that under section 2 of the Municipal Court Act that court did not have jurisdiction of an action for more than $1,000 based on a judgment. At that time section 2 read that the court had jurisdiction of "all actions on contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds $1,000.00." In 1931 the language was amended to read, "whether implied in law or implied in fact." The amendment was adopted at the election held on November 8, 1932. This court in an opinion by Mr. Justice O'CONNOR, in the

case of *Fidelity & Deposit Co. v. Stanford*, 296 Ill. App. 1, held that the 1931 amendment gave the municipal court of Chicago jurisdiction in an action of debt on a judgment where the judgment was for more than $1,000. That opinion holds that the judgment constitutes a contract implied in law. We adhere to the views there expressed. Hence, the municipal court of Chicago had jurisdiction to entertain the instant cause.

Finally, defendant assails the judgment by saying that the district court was without jurisdiction of the person of the defendant when it entered the order of April 23, 1937, on which plaintiff's instant suit is based. No attack is made on the validity of any rule of the district court, but the claim is that the judgment is void for want of compliance with the rule as to notice. One of the rules of the district court is that notice to any party may be given to his counsel of record having an office in the district. Another rule provides that if any attorney be permitted by the court to withdraw his appearance, such party, notwithstanding his withdrawal, shall be deemed to be the attorney of record for such party for the purpose of serving notice until such time as another attorney shall appear for such party and give notice thereof to adverse counsel. Ordinarily, an application to enforce a decree for alimony must be made in the court which granted the decree. (*Harding v. Harding*, 120 Ill. App. 389.) It has frequently been held that a court retains jurisdiction to enforce the executory provisions of a decree. It is common for parties to divorce cases to resort to the jurisdiction of the court after a decree has been entered. Questions frequently arise involving the custody of children, modification as to the payments of alimony and support money, and the enforcement of the various clauses of the decree. Defendant states that the rules of the district court providing that notice may be given by service on the attorney of record, do not apply after the case has been disposed of. There is nothing in the language of the rules to indicate that their application is limited. Defendant, and the attorney representing

him, knew at the time of the entry of the decree that in all likelihood it would be necessary to take other steps in that case. The natural and orderly procedure would be for the attorney representing the plaintiff to notify the attorney representing the defendant. That was done. The attorney representing the defendant then notified his client. The defendant requested postponements, which were granted. Clearly, the defendant had full opportunity to present to the district court any defense that he might have. He did not do so. The district court clearly had jurisdiction to enter the judgment against him. He did not appeal and it stands against him as a valid judgment. The defendant does not, in the instant case, challenge the correctness of the amount that was due under the decree.

The municipal court of Chicago had a clear right to decide, as a matter of law, from the pleadings, affidavits and exhibits that the judgment entered in the district court was valid and enforceable. We are satisfied that the district court had jurisdiction of the subject matter and of the parties, and the municipal court was right in entering judgment against defendant.

For the reasons stated, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.