Ettie Fisher, Executrix of Estate of Meyer Fisher, Deceased, and Nathan Fisher, Appellees, v. City of Chicago, Appellant.
Edna Williams, Appellee, v. City of Chicago, Appellant.

Gen. Nos. 41,500, 41,501.

Opinion filed March 31, 1941. Rehearing denied April 14, 1941.

BARNET HODES, Corporation Counsel, for appellant; ALEXANDER J. RESA, ROBERT J. NOLAN and ALFRED KAMIN, Assistant Corporation Counsel, of counsel.

IRVING BREAKSTONE, of Chicago, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

These appeals each bring before us for decision the identical question whether the municipal court of Chicago has jurisdiction to hear and enter judgment

in a case where the suit is based on unpaid interest accrued on a judgment entered in a suit to condemn property for the use of the city under section 32 of the Local Improvement Act where the amount claimed is more than $1,000. In Gen. No. 41,500 the judgment is for $1,345.27, and in Gen. No. 41,501 for $1,924.60.

After much litigation it has been settled that such judgments draw interest by reason of section 3 of the interest statute. *Blaine v. City of Chicago,* 366 Ill. 341; *Blakeslee's Storage Warehouses v. City of Chicago,* 369 Ill. 480, and *Northwestern Yeast Co. v. City of Chicago,* 301 Ill. App. 303, are only a few of the cases so holding. The opinions in these cases in effect say that a judgment rendered pursuant to section 32 of the Local Improvement Act is a judgment *quod recuperet* to which section 3 of the Interest Act is applicable, and that a defendant owning property which has been taken by condemnation judgment is entitled to receive interest on the judgment although the defendant is a municipality.

The precise question here is whether the municipal court of Chicago has jurisdiction of a suit to recover interest based on such a judgment. The briefs seem to concede that the answer to the question depends on the construction given to section 2 of the Municipal Court Act. (Ill. Rev. Stat. 1939, ch. 37, par. 357 [Jones Ill. Stats. Ann. 108.028].) This section provides that the municipal court shall have jurisdiction of, "First. Actions involving over $1,000. Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, whether implied in law or implied in fact, when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000); . . . ."

The city points out that the Supreme Court in practically all the cases considering the question of whether interest was recoverable held the liability to be purely

statutory, as in *People ex rel. Farwell v. Kelly,* 368 Ill. 164, where it said: ''Interest is purely statutory and arises neither from an agreement, express or implied, nor by way of damages or penalty.''

The city points out that in the *Blakeslee* case, where the Supreme Court considered a plea interposed of the statute of limitations and said an action to recover interest on a judgment of this kind fell within the term ''all civil actions not otherwise provided for,'' as used in the Limitations Act.

In *Brown v. Gerson,* 182 Ill. App. 177, this court considered the question of whether under section 2 of the Municipal Court Act that court had jurisdiction of a suit brought to recover on a judgment at law. The opinion was filed in the October term, 1913, prior to the amendment of § 2, which will be hereafter noticed. Section 2 then provided the court should have jurisdiction of, ''First. Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, . . . ,'' when the amount claimed exceeded $1,000. The court in an exhaustive opinion by Mr. Justice GRIDLEY reviewed the English and Illinois cases and concluded that an action on a judgment was not on a contract, either express or implied, within the meaning of § 2, and the court was therefore without jurisdiction.

In the later case of *People v. Dummer,* 274 Ill. 637, the Supreme Court had before it the question of whether the municipal court had jurisdiction in a suit to collect personal property taxes to an amount in excess of $19,000. It was held the court was without jurisdiction. The opinion defines a contract, quoting 2 Blackstone's Com. 442; 2 Kent's Com. 449; 1 Parsons on Contracts, § 1, and said in effect there was no express promise by a property owner to pay taxes and that a contract might be implied in cases ''where an agreement in fact'' is presumed from the act of

the parties of which *Chudnovski v. Eckels,* 232 Ill. 312, and *Harty Bros. & Harty Co. v. Polakow,* 237 Ill. 559, were illustrations. In these cases the liability depended upon an obligation imposed by statute supplemented by voluntary acts of the defendants. The court pointed out the clear distinction between a contract "implied in fact" and a contract created by "construction of law," when it said:

"The term 'implied contract' has also been applied to a class of obligations which are created by law without regard to the assent of the party upon whom the obligation is imposed, on the ground that they are dictated by reason and justice. They are not contract obligations in the true sense because there is no agreement of the parties, but they are constructive contracts created by the law. . . . In those cases the idea of a contract is purely fictitious, since there are none of the elements of a contract present and the intention of the parties is entirely disregarded. (*Board of Highway Comrs. v. City of Bloomington,* 253 Ill. 164; Ann. Cas. 1913a, 471.) Where a contract is implied in fact it results as a legal inference from the facts and circumstances although not formally stated in words, and the difference between such a contract and an express contract is in the means of proof, whether by words or by conduct. In contracts created by construction of law, liability exists from an implication of the law arising from facts and circumstances independent of intention. (6 R. C. L. 558.) Such contracts are contracts merely in the sense that a remedy is by the statutory remedy of *assumpsit* and are created and governed by the principles of equity."

Thereafter, the legislature by an act approved July 8, 1931 (see Laws of Illinois, 1931, p. 420, § 2) amended this section of the statute so as to read "all actions on contracts, express or implied, *whether implied in law or implied in fact.*" The act as amended was submitted to a referendum of the voters of the City of

Chicago and approved by them and is now the law. In view of the history of this amendment as shown in the cases cited, it seems entirely clear it was the intention of the legislature to grant to the court jurisdiction to hear and enter judgment in precisely this kind of a case.

In *Fidelity & Deposit Co. of Maryland v. Stanford,* 296 Ill. App. 1, we reviewed the history of this section and held in substance that as amended it gave jurisdiction to the municipal court in all cases where the amount claimed was above $1,000, and where the case rested upon a contract implied by law as well as fact, and in particular, that it gave jurisdiction to hear a suit based upon a judgment rendered by a court of a sister State. We think it quite unnecessary to again repeat what was said in that case.

The judgment upon which this suit is based by virtue of the statute draws interest, and the law in the interest of justice holds irrespective of any intention of the parties that the defendant has promised to pay the judgment with interest. True, it is based on fiction but a fiction that makes for justice, and we cannot doubt that this was the intention of the legislature.

In both cases the judgments will be affirmed.

*Judgments affirmed.*

O'Connor, P. J., and McSurely, J., concur.