Allie Kohler, and Allie Kohler as Guardian of Karl Kenneth Kohler and Robert Eugene Kohler, Minors, Appellees, v. Sam H. Kohler, Appellant.

Term No. 44,012.

106

February term, 1945.      Heard in this court at the
                                   Opinion
filed March 5, 1945. Rehearing denied June 21, 1945. Released for publication June 27, 1945.

PAUL D. REESE, of Jonesboro, for appellant.

R. WALLACE KARRAKER, of Jonesboro, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

This is a suit in chancery wherein Allie Kohler, plaintiff appellee (hereinafter designated as plaintiff), both in her individual capacity and as legal guardian of Karl Kenneth Kohler and Robert Eugene Kohler, her minor children, has brought an action against her former husband, Sam H. Kohler, defendant appellant (hereinafter designated as defendant), to reform a property agreement, entered into during the pendency of a divorce suit between them. The purpose of the agreement was to settle property rights as between the parties and to make an adequate settlement for the support and maintenance of their two children during their minority.

The complaint alleged in substance that plaintiff is the legal guardian of Karl Kenneth Kohler and Robert Eugene Kohler, ages 7 and 16 years respectively, the children of the parties hereto; that said parties were divorced by decree of the circuit court of Union county, October 25, 1941; that in the year 1938 or 1939, defendant while married to plaintiff began a notorious association with a woman and during such time was absent from home for more than a week when it was stated upon information and belief that he was in the company of said woman; that as a result of defendant's conduct plaintiff was greatly annoyed, under great mental anguish, her home disgraced and the lives of her minor children and herself made miserable; that while she was so distressed, she agreed to a divorce and property settlement agreement, which was then and there entered into between her and said defendant, and that she acted without deliberation or consideration, had no legal advice and that the attorney who prepared said property agreement was employed by and acted as counsel for the defendant.

The complaint also alleged that defendant's income had increased and that he had inherited certain property since the settlement; that the property settlement made was grossly unfair and inadequate for the support of plaintiff and the two minor children, as it was the intention of all the parties and in the interest of said children, that the principal of certain bonds given said children in the settlement remain intact and be delivered to them as they reached their legal majority and that only the interest on said bonds should be used. There is also an allegation that the real estate deeded to Robert Kenneth Kohler, produced only a $30 a month income with expenses for repair and upkeep; that the income from the funds transferred to plaintiff are not sufficient to support and care for her and maintain a home for the said children; that the condition of her health is such that she fears that she

will not be able to work much longer. The prayer of the complaint is that the said separation agreement be declared null and void, and that the court reopen all questions of property settlement between plaintiff and defendant and that defendant be further required to make an adequate property settlement for the care, maintenance and education of said minor children.

Attached to the complaint, as "Exhibit A" is the contract between the parties hereto, which in substance provided, that the wife had filed suit for divorce, and for the custody of the two minor children; the husband was desirous of conveying to the wife and to the two children, certain real estate and other property. The agreement further provided that the husband had placed certain U. S. government bonds, totaling $7,600, together with 14 shares of C. I. P. S. Co. stock and warranty deed to certain real estate in the hands of the Anna State Bank, Anna, Illinois, in escrow, with directions to transfer the same to the said Allie Kohler; that he had placed certain U. S. government bonds, totaling $3,000 together with deed to certain real estate, in the hands of the Anna State Bank, in escrow, with directions to transfer the same to the son Robert Eugene Kohler, a minor, Allie Kohler, his legal guardian; that he had placed deed to certain other real estate, together with U. S. government bonds, totaling $3,000 in the hands of the Anna State Bank, with directions to transfer the same to the son, Karl Kenneth Kohler, a minor, Allie Kohler, his legal guardian. By such settlement it was further provided that the defendant herein, had by the agreement, provided for the support and maintenance of the two children during their minority.

Upon a trial of the issues before the court, it was decreed that the only matter for the consideration of the court was whether proper provision had been made by the parties for the care and support of the two children, and as to this question the court found that

proper provision had been made as to Robert Eugene Kohler, but that defendant had not properly contributed his share for the support of Karl Kenneth Kohler and that defendant should contribute further for his care and support the sum of $30 a month and that defendant pay the costs of the proceeding.

From such decree appeal was prosecuted to this court. After appeal had been perfected and supersedeas bond had been approved and filed by defendant, plaintiff filed her petition in the trial court for an order on defendant requiring him to pay to plaintiff the sum of $350 for necessary expenses and attorney fees in defending the appeal. After a hearing on said petition the trial court entered a further order directing that defendant pay to plaintiff the sum of $350, pursuant to the prayer of her petition. From such order appeal was likewise perfected.

Among the many errors relied upon for a reversal of the findings, orders, judgments and decrees of the trial court is that the court erred in finding that the defendant should make a further contribution of $30 a month for the care and support of Karl Kenneth Kohler, minor. In that regard, plaintiff contends that it is the duty of the parent to support his child and the court in determining this question should consider all the circumstances of the child and the parent. With these generalities, we are inclined to agree, when those questions are submitted to the court in the proper kind of action. The prayer of the complaint was, that the separation agreement be declared null and void and that the court reopen all questions of property settlement between plaintiff and defendant and that defendant be required to make an adequate property settlement for the care, maintenance and education of said minor children. There was no prayer for periodical payments to either of the children. The judgment or decree must conform to and be supported by the pleading and proofs in the cause.

*Sharkey v. Sisson,* 310 Ill. 98; *Lewis v. Lewis,* 316 Ill. 447; *Richards v. Davis,* 352 Ill. 277; *Parker v. Gray,* 317 Ill. 468; *O'Donnell v. Henley,* 327 Ill. 406; *Brinkerhoff v. Huntley,* 223 Ill. App. 591.

■ The instant case is not a divorce action, and an application to enforce or modify a decree for custody or support of minor children in a divorce case must be made in the court where the decree was rendered. *Kellogg v. Kellogg,* 302 Ill. App. 604; *Harding v. Harding,* 120 Ill. App. 389.

■ The complaint herein shows on its face that the parties hereto were divorced by the decree of the circuit court of Union county. The pendency of a former suit in the same jurisdiction, in the same or other court of equity, between the same parties respecting the same subject matter may be pleaded in abatement of the second suit. *Haas v. Righeimer,* 220 Ill. 193; *Illinois Life Ins. Co. v. Prentiss,* 277 Ill. 383; *James v. Langley,* 323 Ill. App. 268; *Lyons v. 333 North Michigan Ave. Bldg. Corp.,* 277 Ill. App. 93.

■ ■ Even assuming that the instant suit were a divorce suit where an order could properly be entered for the further support of one or both of the minor children involved, there is no showing that the property conveyed to them by defendant has been exhausted. Certainly the language of the contract, which by implication becomes a part of the complaint, shows that both real estate and bonds were transferred by defendant to the children absolutely, without any restrictions as to when said property was to be used. Plaintiff admitted that she still had these bonds. While courts of equity may exercise their powers to hear and determine divorce cases, and all matters relating thereto, within the limits of the jurisdiction conferred by statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers. *Smith v. Smith,* 334 Ill. 370; *Smith v. Johnson,* 321 Ill. 134. The circuit court of Union county

continued to have jurisdiction, after the divorce decree to modify its orders and directions as to the care and custody of these minor children. We are of the opinion that the trial court erred in decreeing that defendant should make a further contribution of $30 a month for the care and support of Karl Kenneth Kohler, minor.

It is urged on behalf of defendant, that the trial court erred in entering a supplemental decree ordering defendant to pay the sum of $350 for expense in the Appellate Court, after appeal was perfected in the original suit, and after supersedeas bond was given. This action not being a divorce or separate maintenance suit, where by statute (ch. 40, par. 16, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 109.183]) power is expressly conferred upon the trial court to grant a sum of money for defense, in the event of an appeal (*Jenkins v. Jenkins*, 91 Ill. 167) where notice of appeal is duly filed in the trial court the jurisdiction of the Appellate Court attaches and the trial court loses jurisdiction. *Simon v. Balasic*, 316 Ill. App. 442; *Cowdery v. Northern Trust Co.*, 321 Ill. App. 243. We are therefore of the opinion that the trial court erred in entering such order after the perfecting of the appeal from the original decree.

We do not deem it necessary to pass on any of the other numerous errors assigned by defendant. We find no merit in the cross-error, assigned by plaintiff that the decree failed properly to provide for the care and support of the two minor children.

The original decree of the circuit court of Union county is reversed and the cause remanded for further proceedings in conformity with this opinion. The supplemental decree is reversed, with directions to dismiss the petition of plaintiff for expense in the Appellate Court, for lack of jurisdiction.

*Reversed and remanded with directions.*