Carrie O'Rourke, Appellee, v. Joseph W. O'Rourke, Appellant.

Gen. No. 46,264.

Opinion
filed November 24, 1954. Released for publication December 16, 1954.

THOMAS KENNEDY, of Oak Park, Illinois, for appellant.

MEYER & IRVING H. WEINSTEIN, of Chicago, for appellee; MEYER H. WEINSTEIN, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed her complaint in the circuit court of Cook county, alleging that defendant had previously filed his complaint for divorce against her in the circuit court of DuPage county; that in said proceeding a decree of divorce was entered on July 12, 1946, in which it was ordered that the care, custody and education of the minor child "be and the same is hereby reserved for the further order of the court"; and that said minor child is now seventeen years of age.

It is further alleged that in the year 1947, defendant paid for the support of said minor child, $340, in 1948,

$195, and since 1948 to date, the sum of $55; and that defendant is gainfully employed, earning over $100 per week and well able to contribute to the support of said minor child.

The complaint prayed for an order granting plaintiff the care, custody and control of the minor child, and that defendant be ordered to pay a reasonable sum for the support of said minor child and to pay reasonable attorney's fees.

Defendant filed an answer to the complaint, admitting the divorce proceeding in DuPage county and the entry of said decree. He alleged that for three years and three months he was in the United States military service in Europe, during which time plaintiff received $80 each and every month, and that since his return from military service plaintiff refused to allow defendant the right of visitation of said child. He specifically denied that plaintiff is entitled to maintain this proceeding for any relief, and averred that on March 10, 1950, plaintiff filed her petition in the circuit court of DuPage county praying for the same relief sought by her complaint, and that upon an answer filed thereto and a full hearing had, the circuit court of DuPage county denied her the relief and dismissed her petition. No reply was filed to said answer.

On January 2, 1953, plaintiff's motion for custody and support of the minor child was continued to February 4, 1953, and defendant was ordered to pay plaintiff on account of attorney's fees the sum of $100, payable in equal installments in 30, 60 and 90 days. On April 28, 1953, the following order was entered:

"The court hearing a motion as to whether it shall have jurisdiction to hear a complaint for custody and support and the court hearing arguments of counsel does

"Hereby order adjudge and decree that

"1. It has jurisdiction of the parties and subject matter.

"2. That the matter be set for trial on the custody and support on May 19, 1953, at 2:00 P. M.

"3. That defendant be given 10 days to answer.

"4. That court reserves unto himself the question of jurisdiction."

On August 20, 1953, a decree was entered, directing that the care, custody and control of the minor child be given to plaintiff, and that defendant be ordered to pay the sum of $25 per week for the support of said minor child and $300 for attorney's fees, payable in 30, 60 and 90 days. The record discloses that on the same day a petition for change of venue was presented and filed by defendant, and an order was entered denying the change of venue. From these orders defendant appeals.

■ ■ At the outset, we are confronted with the question as to whether the circuit court of Cook county had jurisdiction. The complaint does not allege, and there is no evidence in the record, that the parties are residents of Cook county, and we cannot assume they are. The circuit court of DuPage county, which had jurisdiction of the parties when it entered its decree, reserved jurisdiction to determine the matter of the care, custody and education of the minor child. There is ample precedent that any application to enforce or modify the decree of the circuit court of DuPage county must be made to that court. *Kohler v. Kohler,* 326 Ill. App. 105; *Kellogg v. Kellogg,* 302 Ill. App. 604; *Harding v. Harding,* 120 Ill. App. 389; *Stewart v. Stewart,* 1 Ill.App.2d 283. In *Nye v. Nye,* 411 Ill. 408, 416, it was held:

*"After a divorce decree in this State* the custody of the children *is always subject to the order of the court*

*which enters the decree* and may be changed from time to time as the best interests of the children demand." (Italics ours.)

Particularly should this rule of orderly procedure established by the cases cited be recognized in the instant case, where it appears from the answer of defendant, and not denied by any reply and therefore must be accepted as true (Civil Practice Act, § 40, par. 2 [Ill. Rev. Stats. 1953, § 164; Jones Ill. Stats. Ann. 104.040, subd. (2)]), that plaintiff submitted to the jurisdiction of the circuit court of DuPage county by applying for the same relief sought in the instant complaint, and her petition was there denied.

Plaintiff argues that the circuit court of Cook county has jurisdiction of the parties and the subject matter, because the parties, subsequent to the entry of the decree in DuPage county, moved to and became permanent residents of Cook county. This contention is without basis, since there is no allegation in the complaint as to the residence of the parties, nor anything in the record to establish such residence. The instant decree makes no finding as to such residence. We, therefore, deem it unnecessary to determine whether the alleged subsequent residence of the parties in Cook county allows the jurisdiction of the circuit court of Cook county to attach.

██ The decree does not recite that the court heard evidence, and we cannot presume it did. Plaintiff, in an effort to establish that some evidence was heard, filed a supplemental record in this court containing a document entitled, "Excerpt From Statement of Facts." The document contains the certificate of the chancellor, which reads:

"I hereby certify that the above and foregoing excerpt from Statement of Facts is true and correct."

468

This certificate cannot aid the decree since it makes no reference to any evidence heard, nor does the so-called excerpt make any reference to the residence of the parties. It also appears that the so-called excerpt was signed and filed in the court below without notice to the defendant. Such a document, certified by the chancellor, is unknown to equity practice, and is not recognized or provided for in the Practice Act or the Rules of the Supreme Court. Supreme Court Rule 36 (c) requires that the record contain a report of proceedings, or (d) in lieu thereof the parties may by stipulation agree upon a statement of facts to be certified by the trial judge, or (e) [Ill. Rev. Stats. 1953, § 259.36, subds. (c)–(e); Jones Ill. Stats. Ann. 105.36, subds. (c)–(e)] the party appealing elects not to include any proceeding of the trial in the record on review. There is no agreed statement of facts in the record or any indication that such had ever been filed.

Upon this record we are compelled to hold that the circuit court of Cook county had no jurisdiction in the instant proceeding. The orders appealed from are reversed.

*Reversed.*

KILEY, P. J. and LEWE, J., concur.