GENO BERNARDINI, Plaintiff-Appellant, *v.* REBA BERNARDINI, Defendant-Appellee.

(No. 11204; )

Fourth District—November 19, 1970.

Joseph P. Smith, Jr., of Mattoon, for appellant.

John J. Yelvington, of Mattoon, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff husband was granted a divorce upon the grounds of desertion, but appeals from that portion of the decree which awards alimony to the wife in the amount of $165.00 per month. No issues are raised upon an award of child custody and support, or the settlement of property rights.

The theory upon appeal is two-fold: That the court had no power to award alimony, and that the court abused its discretion in awarding alimony in any sum.

The first issue arises from the state of the pleadings. As abstracted, the husband's complaint contained no prayer concerning the property rights of the parties. Defendant filed a counter-claim for divorce alleging adultery and praying alimony, division of property and attorney fees. Hearing was had upon the complaint, counter-claim and the respective answers of the parties.

The evidence discloses that the wife had worked for a number of years before marriage and continued to do so throughout the marriage. She had some $5000.00 from an inheritance. A part of these funds were used to complete the purchase of the husband's tavern. The wife bought, operated and sold two small hotels in Mattoon. The husband substantially retained the proceeds of the property sold. The parties purchased a steak house in the community of Humbolt, some seven miles from Mattoon. In 1962 the manager left and the wife moved to Humbolt in order to retain the liquor license. The husband approved or agreed to the arrangement. There is testimony that plaintiff had planned to sell his tavern and move to Humbolt, but that he never did. The parties spent their Sundays together during most of the eight years of the separation, but apparently did not continue cohabitation. The minor daughter was raised and supported by defendant.

At the close of the evidence, defendant stated that she did not object to plaintiff getting a divorce and upon defendant's motion, the counter-claim was dismissed. Upon this state of the record, plaintiff now asserts that defendant was without any pleadings containing a prayer for alimony. He relies upon the general equitable principle that a decree must conform to the prayer of the pleadings, and the evidence, citing *Kohler v. Kohler*, 326 Ill.App. 105, 61 N.E.2d 687. Such, however, was not a divorce proceeding under Ill. Rev. Stat., ch. 40, par. 19, but an action to set aside a property settlement in proceedings separate and distinct from the divorce action.

We note first that the evidence heard by the court fully disclosed the respective contributions of the parties to the property which had been purchased by the parties; that plaintiff had not supported defendant for some eight years, and had made but random contribution toward

the support of the daughter. The evidence was properly received upon the pleadings then operative. Ill. Rev. Stat., ch. 40, par. 19, provides in part:

"When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just."

Here, each party undertook to present evidence upon issues raised under then effective pleadings concerning the need for, and the amount of alimony. The record discloses that plaintiff had full opportunity to present evidence upon the issue of alimony and did, in fact, do so, and that he introduced supplemental evidence upon the issue after the counter-claim was dismissed. There is no element of surprise or want of full hearing.

■■ We refer to the statutory provisions for alimony in Ill. Rev. Stat. 1967, ch. 40, par. 19, and find that there has been no finding in the decree of an express waiver of alimony, no denial of alimony by the court, and no property settlement of the parties in lieu of alimony. Under such circumstances, the court retains a statutory jurisdiction, "* * * to make such order for alimony and maintenance of the spouse * * * as from the nature of the case, shall be fit * * * at any time.

There is no merit in fact, or under equitable principles, in the argument presented. The decree is proper under the statutory provision creating the power of the court to determine and award alimony.

■■ Plaintiff argues that under the decree awarding a divorce to him for defendant's fault, the latter's right to alimony ceases. He cites *Spitler v. Spitler*, 108 Ill. 120, but in such case the wife's conduct was extremely aggravated. It is not persuasive authority here, where in fact, the evidence supporting plaintiff's decree is scant and minimal. This record does not suggest that the fault of the wife was so gross that there was an abuse of discretion in awarding alimony. *Ganzer v. Ganzer*, 110 Ill.App.2d 394, 249 N.E.2d 660.

This record discloses that the trial court gave very careful consideration to the amount of alimony awarded. The abstract persuades that the wife worked continuously and that her earnings were put into various enterprises of the parties and were freely used by plaintiff. The property awarded to her has thus far failed to produce a living. The husband has a substantial income. Plaintiff did not contribute to the support of defendant during the eight years that she lived in Humbolt operating a business in which both parties were interested. During such

years defedendant supported the daughter for all substantial purposes. Within the ambit of this record the award of alimony was not excessive. The decree is affirmed.

Decree affirmed.

CRAVEN, P. J. and SMITH, J., concur.