## PRICE v. PRICE.

No. 4464.

May 23, 1946.

Court of Civil Appeals of Texas. El Paso.

Rehearing Denied June 13, 1946.

Andress, Lipscomb & Peticolas, of El Paso, for appellant.

J. E. Quaid, of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from the 65th District Court of El Paso County. The parties will be described here as Appellant and Appellee.

The suit was originally brought by Mary Ella Price, the former wife of Appellee, in her individual capacity and as next friend for appellant and another minor son, Donald. Prior to the trial the appellant reached his majority and he thereafter appeared in his own right as a plaintiff. The trial was to the court and jury. On the verdict of the jury Mary Ella Price recovered judgment which was promptly satisfied. Judgment was against appellant and he alone appeals.

On March 15, 1941, there was pending in the District Court of Bernalillo County, New Mexico, a suit for divorce between appellee and his wife. On that date a contract was entered into between the parties in settlement of the property rights, for alimony and support. Paragraph 7 of the agreement read:

"First party hereby assumes and agrees to pay for the support, education and maintenance of Ainsworth Price until such time as his education has been completed."

The agreement was subsequently approved by the Court and made a part of its judgment.

Appellant was then sixteen years of age and no provision was made in the judgment for his custody. The contract set up a trust fund of approximately $6,800 to be paid out monthly in the sum of $75 to the wife for her support and for the support, education and maintenance of the two minor sons, plus such additional sum or sums as might be determined by the trustee to meet emergencies. These payments were to continue during the life of the wife, and upon her death it was to be administered for the benefit of the two sons, and any balance to be paid over to them when they had both attained their majority. It provided for the payment of the further sum of $75 monthly as alimony to the wife, and $25 monthly for the support, education and maintenance of the son, Donald. At the time of the trial of this case that trust fund was largely exhausted. Appellee had paid additional sums for the benefit of appellant. Much of that contribution had been paid under pressure, the last of which was on the judgment in favor of Mary Ella Price in this case.

On the date of the contract and judgment for divorce appellant was a student in New Mexico Military Institute and continued there until the end of the school year at appellee's expense. During the summer of 1941 he worked for his father and received $200 for his work. He then went to his mother and entered Ysleta High School and graduated therefrom in 1942. During the time he studied telegraphy, and following his graduation worked for the Southern Pacific Railroad as an operator for approximately one and a half years and received a gross salary of approximately $200 per month. He then attended Glendale Junior College in California and matriculated at the University of California at Los Angeles in September 1945.

Appellant alleged in his pleadings:

"* * * that the reasonable monthly amount necessary for the maintenance, support and education of the said Russell Ainsworth Price, Jr., (Appellant) until September 1945, would be the sum of $60.00 per month and that the reasonable monthly amount necessary for the maintenance, support and education of said Russell Ainsworth Price, Jr., from September 1945, until his education is completed at the University of California in Los Angeles is the sum of $100.00 per month."

He then follows with an allegation that since February 1944, he has lived with his uncle in California and his mother has agreed to pay the uncle $50 per month for his upkeep plus any additional expense for

medical bills, etc. He further alleges that by reason of the failure of appellee to comply with his contract (paragraph 7 above) he has been damaged in the sum of $3,120, being at the rates above, less certain credits for payments and support furnished by appellee.

The court submitted to the jury special issues requested by appellant, all framed alike and reading:

"What do you find from a preponderance of the evidence has been the reasonable and necessary cost to the plaintiff Russell Ainsworth Price of the support, maintenance and education of Russell Ainsworth Price from ———— to ————?"

The jury answered with sums totaling $3283.29.

On the answers to these issues appellant sought judgment in the sum of $1843.29. The court declined to render judgment for him in any sum, and recites in the judgment that he so declined "on the ground that the contract was not made for his benefit (probably in the sense that he could not sue and recover on it) and on the further ground that defendant's son should not recover on said contract against his own father." Appellant's complaint is the trial court erred in so declining to render judgment, and takes the position here he was entitled under the provision of the contract to recover the sum of $1843.29, aforesaid, as money expended by himself for his maintenance, support and education out of his own earnings. It may be noted there is no allegation he expended any money out of his earnings for such purposes, nor is there any evidence in the Statement of Facts that he expended any money of his own. The evidence consists of estimates made by Appellant and his mother as to the reasonable and necessary monthly and annual amounts for the purposes mentioned in accordance with his allegations but none as to what "has been the reasonable and necessary cost to plaintiff," as called for in the issues submitted on his request.

■ We think, though it might be properly done, the case need not be rested on these narrower grounds of pleadings and proof, but that it may be determined on broader grounds and an application of well recognized and established principles of law, which we elect to do. Appellant reached his majority on May 9, 1945. The legal relationship between him and his father was not in any wise altered by the separation and divorce of his parents. Their legal status remained the same. Had the father and mother remained together and this son contributed to his own support, education and maintenance, as it is claimed he did, there could hardly be the thought or suggestion there is any liability on the father for such contributions. He would have then been liable, as he is now, in his default, to those who furnished the necessary support, maintenance and education, but not to his son. As we understand it, appellant concedes under the authorities there would be no liability except for the contract provision supra.

■ The question then arises, what liability, if any, did the contract provision add? Of course, it was understood in the usual course of things expenses would be incurred for the support, maintenance and education of appellant. It is a fair inference, we think, it was contemplated by the parties the mother would have at least a substantial portion of that burden, and the provision was inserted primarily in order that there might not be any question about the responsibility for it. During the minority of appellant, appellee was under the continuing moral and legal obligation to support, maintain and educate him consistent with their social and economic status in life. As said in Smith v. Blanton et al. Tex.Civ.App., 240 S.W. 651, at page 654, the written agreement added nothing to that obligation except to indefinitely fix the amount and duration of the payments. It is difficult to determine and define the meaning of the provision. It can certainly mean nothing more than the completion of such education as is consistent with the social and economic status of the parties at the time. That is a question of fact. See McGaw v. O'Bierne, 126 La. 584, 52 So. 775.

■ The members of a family work together and contribute to the common good and welfare. They, through mutual effort and cooperation make the determinations

that contribute to that end. During minority the parents, because of usual greater knowledge and experience, make the final determinations. Contributions during such period made by the child to his own support, maintenance and education out of his own earnings must be regarded as voluntarily made, either with the express or implied consent of the parents. It is the rule, as it ought to be, that no member should idle away any portion of his time and when not engaged in the acquisition of education he will be otherwise employed and earn and contribute to his own welfare and that of the family. It is well established, based on sound reason and principles, a child may not maintain an independent suit to recover against his parents for support and maintenance.

Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305. It must logically follow that the mere written affirmation of an existing and continuing obligation and duty, which adds nothing to its efficacy, can not change the application of the principles. The State and public can have little less interest in a continuation of the cordial and affectionate relationship between parent and child after majority is reached than before and the application of the rule should not change simply because today the child is a minor and tomorrow an adult.

After a child reaches his majority, in the absence of a contractual obligation, the duty and obligation of the parent ceases. It is a matter of common knowledge, nevertheless, that many do continue such assistance out of regard for and in furtherance of the welfare of the child. At this age the child assumes those responsibilities and it may be best that he discharge them, unless the hindrance to his progress may be too great. The course of appellant in the instant case is laudable and commendable. It has been the way of many of the great men of the earth, encouraged and assisted by a good mother. Under the facts and circumstances of this case, if appellant contributed to his own support, maintenance and education after he reached his majority out of his earnings, it was likewise a voluntary contribu-

tion for which no cause of action accrued in his favor against his father. This contract differs from one entered into between a parent and child in the ordinary course of business dealings. In the latter instance there could be no doubt about the liability of the parties under such contracts. But, as heretofore pointed out, in the circumstances of this case the contract was not with the son, but with the mother, and had for its purpose primarily her protection against liability that she might incur and that it was hardly contemplated the son would personally expend his own money, or if he did the father would incur any liability to him.

We think there is no error in the judgment of the trial court and it is affirmed.