Elizabeth M. Stewart, Plaintiff-Appellee, v. Lillie Stewart, Conservator of Estate of Lewis C. Stewart, Incompetent, and Lillie Stewart, Individually, Defendants-Appellants.

Term No. 53-O-10.

Opinion filed February 2, 1954. Rehearing denied February 23, 1954. Released for publication February 26, 1954.

E. W. EGGMANN, of East St. Louis, and TURNER, HOLDER & ACKERMANN, of Belleville, for appellants.

LOUIS BEASLEY, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, Elizabeth M. Stewart, obtained a divorce from her husband, Lewis C. Stewart, in 1942. The decree awarded her alimony of $100 per month, and divided their property, ordering the plaintiff to quit-claim certain real estate to the divorced husband, which she did. Thereafter, Mr. Stewart married Lillie Stewart, and they subsequently entered into a contract to sell the real estate acquired from the first marriage, to J. R. Pickard and wife on an installment basis.

Some time later Mr. Stewart was declared an incompetent, was committed to a State Hospital, and

Lillie Stewart was appointed conservator of his estate by the probate court. During succeeding years, the conservator ignored the provisions of the divorce decree, and used the income and assets of her ward for her own support, and for the purchase of furniture, appliances and equipment which, presumably, are now assets of her ward's estate.

In 1949 the plaintiff filed this suit in the same court which had entered the divorce decree, for the purpose of enforcement thereof. The suit was directed particularly toward the unpaid balance on the Pickard contract. Pickard was named defendant, also the conservator, and during the pleading stage, she also became a defendant individually.

Pickard asked and obtained leave to pay the balance of his obligation into court, in the sum of $2,349.80. This was done. The case then proceeded to hearing and the court found arrears of alimony amounting to $4,800. No contest was made thereon, the defense being confined to the argument that the court had no jurisdiction of the subject matter, that the claim could only be asserted in the probate court. The final decree ordered the clerk to pay the Pickard funds to plaintiff to apply on the arrears of alimony, and defendants took this appeal.

It should be added that, in the Pickard contract, the vendors, as well as the vendees, were described as joint tenants. This seems to have suggested to counsel another defense, for, after the entry of the final decree, a motion was made to set aside the decree on the ground that Lillie Stewart was a joint tenant of the property in question. The motion was denied, and the point is included in appellants' brief.

Appellee answers that no question of joint tenancy is before this court. We have examined the record as well as the abstract, and find that no mention was made in defendants' pleadings of any purported joint tenancy.

There is no deed in evidence which complies with the statute on joint tenancies, Chap. 76, sec. 1, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 70.01]. Moreover, the record contains no exhibit of a deed of conveyance, nor any reference thereto, whereby Lewis C. Stewart purported to convey an interest of any kind to Lillie Stewart, or to anyone else.

■ In the absence of any pleading or proof of a deed from Lewis C. Stewart, subsequent to his acquisition of title in 1942, this court must hold that no question of joint tenancy is involved on this appeal. Since no other disputed question of fact has been presented, we have only to consider the propositions of law.

■ Courts have been called upon to enforce the payment of alimony in various ways, sometimes by suits involving third parties. Such proceedings have been under attack on various grounds, even on constitutional provisions. Some of these grounds are presented on this appeal and are here considered. Points not raised by the briefs are deemed waived, and are not herein mentioned.

■■ The failure to pay alimony when the obligor has income or property available which can be used for that purpose, is generally regarded as wilful. The obligation to pay is not removed by the obligor's subsequent marriage, although the effect may be to deprive a second wife of her current means of support.

■ In view of the changed conditions appearing in this case, a petition to alter the alimony provisions, if presented, might have been allowed. Nevertheless, the past-due alimony is vested and cannot be taken away. *Craig v. Craig,* 163 Ill. 176; *Banck v. Banck,* 322 Ill. App. 369; *Walters v. Walters,* 341 Ill. App. 561.

■ The proper forum in which to apply for the enforcement of the divorce decree is the court which entered it. *Harding v. Harding,* 120 Ill. App. 389;

*Kohler v. Kohler,* 326 Ill. App. 105; *Barclay v. Barclay,* 184 Ill. 375.

■ The Divorce Act specifically authorizes enforcement of divorce decrees in any manner consistent with the rules and practices of the court. Sec. 19, ch. 40, Ill. Rev. St. [Jones Ill. Stats. Ann. 109.186]. It is fully recognized that the court has power to enforce its decrees, otherwise the court would be rendered impotent. *Tegtmeyer v. Tegtmeyer,* 292 Ill. App. 434; *Cohen v. Cohen,* 291 Ill. App. 39; *Brevet v. Brevet,* 316 Ill. App. 406; *Totten v. Totten,* 299 Ill. 43; *Bobowski v. Bobowski,* 242 Ill. 524.

■ ■ The obligation thus enforced is not contractural, but is a social obligation. "Alimony . . . is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. . . . Alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it. *Welty v. Welty,* 195 Ill. 335.

Of course, there are exceptions in special situations; thus, alimony has been recognized as a 7th class claim in a probate court. *In re Estate of Bell,* 210 Ill. App. 350. It does not follow that the jurisdiction of the circuit court is thereby eliminated, nor is it desirable that such a result ensue. It might be necessary to modify, as well as enforce, a decree, and the jurisdiction conferred by statute should not be subject to cancellation or annulment. "Concurrent jurisdiction is no novelty in our law." *People v. Leonard,* 415 Ill. 135.

■ The proceedings in the instant case were in the nature of a sequestration of property. Such proceedings are frequent and are sometimes referred to as *in rem* when directed against specific property, real or personal, as distinguished from a general levy on the obligor's property under an execution obtainable only in an action *in personam.* *Wilson v. Smart,* 324 Ill. 276; *Mowrey v. Mowrey,* 328 Ill. App. 92; *Fran-*

*ceschi v. Franceschi,* 326 Ill. App. 494; *McCowan v. McCowan,* 324 Ill. App. 520; *Schneider v. Schneider,* 312 Ill. App. 59; *Tuttle v. Gunderson,* 254 Ill. App. 552; *Pennington v. Fourth National Bank,* 243 U. S. 269, 61 L. Ed. 713, 37 S. Ct. 282.

 The conservator was a necessary party to this suit on the Pickard contract, since the court had to provide for the execution of a deed in compliance with the terms of the contract. Our statute provides for the situation where a person under contract to sell real estate becomes insane. The conservator may be compelled to execute and deliver a deed by order of "any court having chancery jurisdiction, in the county where the land or some part thereof may be situated." Sec. 2, ch. 29, Ill. Rev. St. [Jones Ill. Stats. Ann. 29.50].

The circuit court had jurisdiction to enforce its alimony decree; and, under the evidence and the equities apparent therefrom, the decree was justified and it is affirmed.

*Decree affirmed.*

Bardens and Culbertson, JJ., concur.