**Lila Hallett, Plaintiff-Appellant, v. J. Edward Hallett, Defendant-Appellee.**

Gen. No. 10,936.

Second District.

June 18, 1956.

Released for publication July 5, 1956.

Large, Reno & Zahm, of Rockford, for appellant; H. Emmett Folgate, of Rockford, of counsel.

Andrews, Essington & Peterson, of Rockford, for appellee; William W. Peterson, of Rockford, of counsel.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

On December 17, 1946, the Circuit Court of Winnebago county granted a decree of divorce to appellant and awarded to her the custody of the two boys of the parties then aged four and one and one-half years, respectively. The cause was based upon the complaint and answer, and the decree provided that the parties retain their ownership of the residence property at 1806 North Court street in Rockford, but that plaintiff should have the right to the sole occupancy thereof and obligated her to pay the taxes and insurance thereon and keep it in a reasonable state of repair.

The decree further ordered the husband to "pay to the plaintiff for her support and for support of said children the sum of $60.00 on December 2, 1946, and a

like sum on December 16, 1946, and a like sum on the 2nd and 16th days respectively of each and every month hereafter until further order of the court. Said payments shall be apportioned 1/3 for the support of the plaintiff and 1/3 for the support of each of said children until the further order of the court."

The record discloses that on November 9, 1950, appellant filed in the Superior Court of Los Angeles county, California, her verified complaint against the defendant alleging, among other things, that they were both residents of Los Angeles, California; that they were married on August 23, 1933, in Illinois; that two children were born as a result of said marriage, the children then being eight and five years of age respectively; that thereafter the parties were divorced on December 17, 1946, by the provisions of a decree of the Circuit Court of Winnebago county, Illinois. The complaint set forth haec verba this decree and averred that at the time of its rendition both parties were residents of Winnebago county, Illinois; that the defendant was duly personally served with process and that both parties were subject to the jurisdiction of the Winnebago County Circuit Court. It was further averred that said decree was a final decree and in full force and effect, not subject to modification as to accrued installments and that no appeal had been taken therefrom.

The California complaint further alleged that after the rendition of the divorce decree in Illinois both parties thereto came to the State of California; that up to July 3, 1950, plaintiff had the legal physical care, custody, and control of the minor children; that on that day, due to the illness of her father, who then lived in Illinois, it became necessary for her to return to Illinois and she did so, leaving the minor children with the defendant who verbally agreed to care for them during appellant's absence and return them to her upon her return from Illinois to California. Her complaint then

515

alleged that she returned to California on September 29, 1950, and immediately requested appellee to permit her to have the children, which request appellee refused. Her complaint further alleged that the Illinois decree was entitled to full faith and credit and should "be established herein as a foreign judgment"; that there was due her under the Illinois decree the sum of $60 on August 16, 1950, and a like sum on the 2nd and 16th days of each succeeding calendar month, aggregating $300 at the time her complaint was filed.

The prayer of this complaint was that defendant "be enjoined and restrained from interfering with her care, custody or control of the minor children of the parties and from keeping said children from her and refusing to let her have said children and from instructing the school authorities to refuse to let plaintiff have said children; for judgment in the amount of $300.00 together with interest thereon at the rate prescribed by law; that judgment in Case No. 54581 in the Circuit Court of Winnebago County, State of Illinois, be established herein as a foreign judgment; for her reasonable attorney fees and costs herein incurred and for such other and further relief as to the court may seem meet."

The record further discloses that upon the filing of this complaint a summons for the defendant was issued and also the Superior Court issued a citation directing the defendant to appear and show cause November 14, 1950. Thereafter the following order, dated December 5, 1950, was entered by the presiding judge of the Superior Court where this action was pending, viz.: "Plaintiff's order to show cause re attorney fees, costs, alimony pendente lite, support and custody of children and restraining order comes on for hearing; plaintiff present with her counsel, Lawrence Paul Scherb and Grover Bossert by Lawrence Paul Scherb, and the defendant with his counsel, William E. MacFadden. Order to show cause is referred to Commissioner Brock

for findings of fact. Plaintiff and defendant are sworn and testify. Defendant's exhibit a (letter) is admitted and filed. The court makes the following order: Custody of the minor children is awarded to the plaintiff, effective December 15, 1950, subject to defendant's right of reasonable visitation, which shall include defendant's right to take both minor children alternate week ends, commencing December 29, 1950, from 6:00 P. M. Friday to 6:00 P. M. Sunday. Both parties are restrained from removing the minor children, or either of them, from the state of California without a prior order of court. Defendant is ordered to pay to plaintiff $40.00 per month for the support of each child, making a total of $80.00 per month payable one-half on the 16th and 2nd days of each month hereafter, commencing December 16, 1950. Defendant is ordered to provide or pay for reasonable necessary surgical and hospital care for the minor children. The inclusion of such children in his present policy of insurance with Pacific Mutual shall constitute a compliance with this portion of the order. Defendant is ordered to pay direct to plaintiff's counsel $150.00 on account of attorney fees, payable $15.00 on the 2nd day of each month hereafter, commencing January 2, 1951, and continuing until paid in full. It is stipulated that further attorney fees and costs, if any, may be fixed at time of trial. Notice waived under section 259a CCP."

Thereafter on July 5, 1951, an order was entered by the California court, pursuant to the stipulation of the parties, eliminating the provision of the order entered December 11, 1950, restraining both parties from removing the minor children from California and in lieu thereof granting appellant the right to take the children to Illinois and also granting appellee the right to have the children one month each summer if he furnished the necessary care and defrayed the cost of transportation. No further hearing was ever had in

California, and on November 3, 1955, the attorney for appellant requested the California court to dismiss appellant's complaint, and on November 7, 1955, an order to that effect was entered by that court.

On July 8, 1955, appellant filed the instant petition in the Circuit Court of Winnebago county, Illinois, which, after reciting the rendition of the decree on December 17, 1946, and its provisions, alleged that defendant paid the amounts as directed by said decree until August 1, 1950; that since that date defendant has paid only the sum of $40 on the 2nd and 16th days of the month and that by reason thereof defendant is in default in the sum of $2340. The prayer of the petition was for an order impressing a lien on the undivided one-half interest of the defendant in the residence property to secure the payment of said $2340 and for a lien to be impressed upon said interest of the defendant in said property to secure future payments of alimony and child support.

In his answer to the petition, defendant admitted that since August 1, 1950, he had paid only $40 on the 2nd and 16th days of each month but denied he was in default in any amount of money. As an affirmative defense he averred that he and respondent are both residents of the State of California and that in the year 1949 petitioner quit her occupancy of the residence property in Rockford and rented the same and moved to California and has received all rents from the Illinois property since that time. He further set forth the proceedings had in the Superior Court of Los Angeles county, California, including the order of that court which was entered on December 15, 1950, which awarded appellant the custody of the children and ordering respondent to pay $40 per month for each child, which order respondent avers that he has complied with.

Respondent also filed with his answer a cross-petition which, after re-alleging the matters set forth in his

answer and affirmative defense, averred that petitioner had been gainfully employed for the past five years in California and prayed that the original decree of divorce be modified and the alimony award reduced. No reply was filed to the counter-claim, and the issues made by the pleadings were submitted to the chancellor who found that the order of the California court superseded the original decree of the Illinois court and is res adjudicata on the issues of alimony, custody and child support; that by accepting the benefits derived from the order of the California court for a period of almost five years, petitioner abandoned the provisions of the original Illinois decree. The court denied the prayer of the petition, dismissed it at petitioner's cost, and the record is before this court for review upon the appeal of Lila Hallett.

 Counsel for both parties agree that under the authorities of this state the party for whose benefit an alimony order has been entered has a vested right thereto and past due installments of alimony cannot be modified by any subsequent order of the court which originally entered the order. (Stewart v. Stewart, 1 Ill.App.2d 283, 117 N.E.2d 579; Bush v. Bush, 316 Ill. App. 295, 44 N.E.2d 767; Wadler v. Wadler, 325 Ill. App. 83, 59 N.E.2d 505; Banck v. Banck, 322 Ill. App. 369, 54 N.E.2d 577; Shuff v. Fulte, 344 Ill. App. 157; Adler v. Adler, 373 Ill. 361.)

Counsel for both parties state that the only question presented by this record is whether appellant, by her conduct, is estopped from asserting her right to recover a money judgment against appellee for the past due installments awarded her under the provisions of the original Illinois decree. Counsel for appellee insists that this record discloses that appellant abandoned the benefits accorded her by the original decree and is now estopped from obtaining any advantage thereunder. Counsel state that they have been unable to find any

519

cases directly in point but call our attention to Wolfe v. Wolfe, 303 Ill. App. 188, 24 N.E.2d 871, where the court refused to hold defendant in contempt of its decree which ordered defendant to pay $15 per week for child support when it appeared that the petitioner had orally agreed to accept $12.50 per week. In that case the court stated that where it appeared that petitioner had accepted the reduced amount for five years without protest, it would be unjust to hold the husband in contempt. In the instant case, appellant for almost five years accepted a smaller sum than that granted her by the Illinois decree, and it is argued that she was satisfied with the reduced sum because from the date the California court entered its order on December 11, 1950, until November 3, 1955, no further steps were taken by her in the California courts in connection with her complaint except on July 1, 1951, the California court approved a stipulation of the parties and modified the order of December 11, 1950, by permitting appellant to take the children to Illinois. In the instant case, however, there is no suggestion made or evidence offered to the effect that appellant ever agreed to take a lesser sum than that provided by the Illinois decree, and it does not follow that because she accepted the lesser sum she abandoned the provisions made for her by the final decree of the Illinois court.

No answer to appellant's complaint was ever filed by appellee in the Superior Court of Los Angeles County, California, and there was never a final hearing had. In the instant case, the chancellor found in his final order dismissing the petition that by filing her complaint in the California court and accepting the money the court directed to be paid to her, appellant abandoned the Illinois decree and is now estopped from insisting upon appellee complying with its provisions. In the several orders entered by the California court no mention is made of the Illinois decree or its provisions. Upon filing the verified complaint in the Cal-

ifornia court, an order was entered requiring appellee to appear and show cause, pending the trial of the action (1) why he should not be restrained from interfering with plaintiff's custody of the children; (2) why the custody of the children, during the pendency of the cause, should not be awarded the plaintiff; and (3) why appellee should not be requested to pay plaintiff a reasonable sum for attorney fees and for her support and the maintenance of the minor children during the pendency of this action. When defendant appeared in the California court in response to this citation, a temporary order was entered and that order provided: (1) that the order to show cause be referred to a Commissioner for findings of fact; (2) that the custody of the children be awarded the plaintiff effective December 15, 1950; (3) that the defendant have the right to visit the children; (4) that both parties be restrained from removing either child from the State of California; (5) that defendant pay $40 per month for the support of each child; (6) that defendant provide or pay surgical and hospital care for the children; and (7) that defendant pay plaintiff's attorney fees.

This order in no way purported to supersede, annul, or abrogate any of the provisions of the Illinois decree. It made no reference to it. It was entered pending the trial of the action, granting custody of the children to the plaintiff and providing for their support during the pendency of the case in the California court.

The record discloses that on October 3, 1955, the chancellor in the instant cause filed a memorandum of decision concluding with the statement that "whatever decree was entered between the parties in the State of California must be the decree that governs the parties from the date of its entry" and entered an order that this cause was heard upon the petition, answer and cross-petition and that judgment is rendered in favor of the respondent and defendant J. Edward Hallett and the chancellor suggested that a formal order

be prepared dismissing the petition. On October 27, 1955, such an order was approved by the court which ordered, adjudged and decreed that plaintiff's petition be dismissed and that plaintiff pay the cost of this proceeding. Thereafter and on November 25, 1955, an order was entered withdrawing the cross-petition of the defendant for reduction of alimony and, as a part of this same order, the judgment theretofore rendered was vacated for the purpose of introducing further evidence on behalf of the plaintiff, and after that recital the order of November 25, 1955, concluded: "And it is further ordered by the court that order of judgment heretofore filed in this cause on October 27, 1955, be and the same is hereby re-entered as of this day." The decree or order, however, which the court entered on November 25, 1955, omitted the finding that was contained in the order of October 27, 1955, to the effect that the order of the Superior Court of California is res adjudicata on the issues of alimony, custody and child support and omits the finding that the order of the California court supersedes the original decree of this court in the matter of child support, custody and alimony. This decree of November 25, 1955, in addition to dismissing the petition at plaintiff's costs, decrees that the children remain in the custody of the plaintiff; that the child support payments remain the same as previously decreed by the Illinois court; that no further alimony is to be paid by the defendant to the plaintiff, and decrees that there is no sum due and owing from the defendant for alimony past due. It is this decree of November 25, 1955, which is before us for review.

Counsel for both parties call our attention to Tomkins v. Tomkins, 89 Cal.App.2d 243, 200 P.2d 821. It appeared in that case that on May 8, 1936, the Superior Court of Cook county, Illinois, entered a decree granting Margaret Tomkins a divorce from her husband,

Raymond M. Tomkins, on the ground of desertion. The decree found that of the marriage there were two boys aged nineteen and fifteen, respectively, at the time the decree was entered. The custody of these children was awarded the mother, and the decree found that she was entitled to alimony and support for the minor children and ordered the father to pay the mother as and for her alimony and support of the minor children the sum of $25 per week to continue during the minority of the children or until the further order of the court. When the youngest son attained his majority, the father ceased making the payments provided by the decree and thereafter, upon the petition of Mrs. Tomkins and an answer thereto by Mr. Tomkins, a further hearing was had in the Superior Court of Cook county resulting in an order finding that the children had attained their majority and, therefore, the husband was entitled to have the payments as provided in the original decree reduced from $25 per week to $75 per month and directed the defendant to pay that amount to his wife "as and for her permanent alimony" retroactive as and of January 25, 1942. The defendant complied with this order, which was entered on June 17, 1942, and paid his wife the amount as directed from June 17, 1942, until January 10, 1944.

Thereafter, in the Superior Court of Los Angeles county, California, Mrs. Tomkins filed her complaint for the purpose of establishing this order of the Superior Court of Cook county entered June 17, 1942, as a judgment of the Superior Court of Los Angeles county, California, and asking for a money judgment against defendant for alimony which accrued after January 10, 1944. The trial court awarded such a judgment, and the husband appealed.

The District Court of Appeal, in reversing this judgment, cited the provision of our statute to the effect that a party shall not be entitled to alimony after

523

remarriage (Ill. Rev. Stat. 1941, chap. 40, sec. 19) and held that because it was not alleged in the complaint, nor proved by the evidence, or found by the court that plaintiff had not remarried after the order of June 17, 1942, was entered, that order was ineffective; that the fact that plaintiff had not remarried was a prerequisite to her right to recover, and that an averment to that effect in her complaint is essential to the statement of a cause of action.

The California court then went on to state that the husband appeared in the Superior Court of Cook county, Illinois, and answered the petition of his wife to show cause and contended that the payments required by the original decree ceased upon the youngest child attaining majority, and he then challenged the jurisdiction of the Cook county court to make the order. The California court then held that the order entered June 17, 1942, was res judicata as to the purpose, meaning, and effect of the decree of May 8, 1936, stating that the construction of the decree and the jurisdiction of the court to enter it having been litigated before the Illinois court, appellant was precluded from again litigating those questions. "Where the purpose, meaning and effect of a former decree," said the court, "has been adjudicated in another action or in a subsequent proceeding in the same action, the second adjudication is conclusive of the purpose, meaning and effect of the first unless it is itself void on its face for lack of jurisdiction." The court further said: "A decree of divorce of a sister state can be established in California and when so established it has the same legal effect as a local decree of divorce including requirement to make future installments of alimony together with power to enforce provisions thereof by contempt proceedings," citing Biewend v. Biewend, 17 Cal.2d 108, 113, 109 P.2d 701, 132 A. L. R. 1264, where it is said: " 'An order for the payment of money as ali-

mony rendered by a court of competent jurisdiction in one state must be recognized by all other states under the full faith and credit clause of the United States Constitution as to all accrued installments not subject to modification by the court rendering the original order.' . . . All instalments sought to be recovered in the present action had accrued before the commencement of the action and they were not subject to modification by the Illinois court. Respondent had a vested right to them enforceable in this state under the full faith and credit clause. U. S. Const. art. 4, § 1. Banck v. Banck, 322 Ill. App. 369, 54 N.E.2d 577, 584.''

So, in the instant case, appellant had a right to have the decree rendered by the Winnebago County Circuit Court established by decree in California and for that purpose filed her complaint in the California court, and had she done so it would have had the same legal effect as a California decree of divorce including the requirement on the part of appellee here to make future installments of alimony, together with the power to enforce the provisions thereof.

That is not, however, what appellant did. She filed her complaint, and a temporary order was made by the California court, but that order did not purport to establish the Illinois decree as a local decree of the California court. It did direct the husband to surrender the custody of the children to the plaintiff, ordered him to pay $300 and other fees and a further sum for the support of the children, but was silent as to alimony and as to the disposition of the real estate of the parties, and was a temporary order only and entirely independent of and in no way related to the provisions of the original Illinois decree. No hearing was ever had on the merits of the case; in fact, no answer to the complaint was ever filed and no final order or judgment ever entered until the complaint was dismissed on November 7, 1955. The Tomkins case is not authority

for the proposition that simply because appellee paid and appellant accepted child support in accordance with the temporary order of the California court, appellant is now estopped or precluded from asserting her right to past due installments of alimony as provided by the Illinois decree.

In Sutton v. Leib, 199 F.2d 163, a former wife brought an action against her former husband to recover accrued payments of alimony under a decree of divorce entered by an Illinois court in 1939. The decree provided for the payment of $125 alimony monthly "for as long as the plaintiff shall remain unmarried or for so long as this decree remains in full force and effect." On July 3, 1944, the wife married one Walter Henzel who, that day, had procured a decree of divorce from his wife, Dorothy Henzel, at Reno, Nevada. A month later a New York court entered a decree of separate maintenance in a proceeding brought by Dorothy Henzel, a resident of New York, against Walter Henzel, and that decree found that the divorce decree entered by the Nevada court on July 3, 1944, was null and void. In September 1949, a New York court entered a decree, upon the complaint of the instant plaintiff, declaring her marriage to Walter Henzel null and void because he had a wife living at the time Henzel and the instant plaintiff were married. In November 1947, the plaintiff was married again. In the instant proceeding, filed in April 1950, plaintiff sought to recover from her first husband forty monthly installments of alimony which accrued to her between the first of the month following her marriage to Henzel in July 1944, and the first of the month following her third marriage in November 1947. Under these facts it was held that even though the plaintiff had lived with Henzel as his wife and received from him some gratuitous support, which he was under no legal duty to render, and notwithstanding the fact that the defendant had every reason to believe

that his obligation had come to an end under the terms of the decree which imposed it, and notwithstanding the further fact that the attorney for the plaintiff had written the defendant that the plaintiff's alimony claim was satisfied in full, and notwithstanding the decisions of the Federal District Court and the Circuit Court of Appeals that the defendant was not liable, and notwithstanding the fact that no demand was ever made by the plaintiff for the alimony installments accruing between August 1944, and December 1947, until the filing of the instant suit in April 1950, plaintiff was not estopped or prevented from recovering the alimony payments provided by her original divorce decree.

■ While the facts in Sutton v. Leib, 199 F.2d 163, supra, are not analogous to the facts in the instant case, that decision does recognize the vested character of the alimony provisions in a divorce decree and illustrates the binding character of those provisions upon the defendant. If the facts disclosed by the record in that case did not prevent the plaintiff from recovering past due installments of alimony, we do not believe the mere fact that the plaintiff here received a smaller amount than that provided by the original Illinois decree could be said to estop her from insisting upon a full compliance by the defendant with the provisions of the original Illinois decree.

The record in this case consists of seventy-three pages. The abstract covers fourteen pages. In thirteen lines on pages 12 and 13 of the printed abstract, counsel indexed but did not abstract twenty-four pages of the record, and the instruments so indexed were the transcripts of the proceedings in the Superior Court of Los Angeles county, California. The abstract is woefully deficient, necessitating repeated preferences to the record and was not prepared in accordance with recognized rules of practice.

It is not suggested by counsel or argued that the order of November 25, 1955, is erroneous in any respect other than its finding that there is no sum due from appellee to appellant for past due alimony. In our opinion, it is erroneous in that respect. The decree of the Circuit Court of Winnebago County will, therefore, be affirmed except as to that part which finds that there is no sum due appellant for past due alimony. That portion of the decree is reversed, and the cause is remanded with directions to enter a decree not inconsistent with this opinion.

Decree reversed in part, affirmed in part, and cause remanded with directions.

CROW and EOVALDI, JJ., concur.