Daphne Gregory, Defendant, Counterplaintiff, Appellant, v. James H. Gregory, Plaintiff, Counterdefendant, Appellee.

Gen. No. 64–45.

Fifth District.

October 20, 1964.

Kenneth A. Green, of Mattoon, for appellant.

Frank Bonan, of McLeansboro, for appellee.

REYNOLDS, J.

Daphne Gregory, now Daphne Knicker, hereinafter called petitioner, was divorced from James H. Gregory, hereinafter called defendant, on May 1, 1953. By the terms of the divorce decree the custody of Caroline and Darlene, minor children of the parties, was awarded to the petitioner and the defendant was ordered to pay the sum of $100 per month for the support and maintenance of the minor children, such support to continue until the coming of age or the emancipation of either of said children at which time the monthly

payment was to be reduced to $50 per month, said $50 monthly payment to continue until the coming of age or emancipation of the remaining child. The defendant failed to comply with the decree and a citation was issued against him in 1958. By agreement of the parties, a modified decree was entered. By the terms of this modified decree, defendant was ordered to pay $1000 in cash, and in addition thereto the sum of $900 per year from November 13, 1958, until the coming of age or emancipation of either of the children, and $450 per year until the coming of age of the remaining child, payments to be on a monthly basis. This second decree provided that the remainder of the arrearage then due from the defendant was waived and cancelled, subject, however, to reinstatement thereof, and the reinstatement of the terms of the original decree of May 1, 1953, when, as, and if the defendant should fail to make the payments provided for in the second decree.

On July 20, 1962, petitioner filed her motion for citation and judgment claiming the defendant had failed to comply with the terms of the second decree and therefore the arrearage due under the first decree was reinstated; that the defendant was in arrears in the amount of $5,540. The petition prayed for judgment in that amount, plus interest and for attorney's fees, and that defendant be held in contempt of court. No action was taken on the petition for citation of July 20, 1962, and on February 28, 1963, petitioner filed another petition for citation, claiming arrearage of over $6,000 and asked for judgment in that amount, plus attorney's fees of $1000. On April 5, 1963 petitioner filed motion for increase in the amount of child support. On April 17, 1963, the defendant having defaulted, an order was entered for judgment against the defendant in the sum of $6,465 and increasing the child support to $25 per week. In this order the de-

fendant was ordered to appear before the court on May 15, 1963, to show cause why he should not be held in contempt. Defendant was notified of this order, but failed to appear. A body attachment was issued and the defendant was ordered jailed. On October 14, 1963, defendant filed his petition to vacate the order of May 15, 1963, for the reason he was not given due and proper notice of the hearing. On November 6th, 1963, the court vacated the default and set the matter for hearing on December 19, 1963. On December 17, 1963, defendant filed motion to dismiss the petition for citation and his motion to modify the decree. On December 19, 1963, the cause was heard on the petitions and motions. Defendant testified his take-home earnings were $540 per month; that his earnings had increased every two years approximately 4%, ranging from $420 per month before October 1959, to $540 per month in 1963. As to the amounts claimed unpaid and in arrears, the defendant did not seriously dispute the amounts claimed by the petitioner. Defendant had remarried and was supporting his second wife and one child born to them. Petitioner had remarried once, but was divorced from the second husband and was operating a drive-in restaurant at Effingham, Illinois. The older of the children, Caroline was in school at Carbondale, Illinois, and lived with petitioner when not in school. She was 19 years old at the time of the hearing. The younger child, Darlene, was 14 years of age at the time of the hearing and was living with the petitioner. Petitioner testified that after paying her expenses she had nothing left; that she was receiving $37.50 per month from the defendant for the support of the children; that she had no other income or resources. On cross-examination the petitioner admitted she was buying a home from her parents for $13,500, and that she had paid $3000 on the purchase price.

There was some dispute about visitation with the children, but it appeared that the defendant had not tried to see the children but one time since 1959.

On January 27, 1964, the Court entered its order in the cause, denying motion for increase of child support money by petitioner, denying petition for modification of decree by defendant, and denied the petition for citation. The defendant was ordered to pay the petitioner the sum of $900 in instalments as follows: $300 and costs instanter; $200 on March 1, 1964; $200 on July 1, 1964, and $200 on September 1, 1964; that the last three instalments not to be due and payable in the event that the defendant made a valid attempt to visit the minor child and was denied that right. From that order the petitioner appeals.

The petitioner contends in her appeal that the trial court had no authority or power to reduce the amount past due for child support; that she was entitled to judgment in the amount of $6,465 plus attorney's fees; that the defendant should be jailed for contempt, and that the trial court erred in reducing the child support.

██ On the first point, it was not seriously disputed that the defendant was in arrears in the amount of $6,465, computing the arrearage on the basis of the original decree. This would be proper since the supplemental decree of December 3, 1948, provided that in case of default by the petitioner of the terms of the second decree, any arrearage under the original decree would be reinstated. If, as it appears to be proven, the defendant is in arrears in the amount of $6,465 at the time of the court order of January 27, 1964, did the court have the authority to reduce this amount to $900? The law in Illinois is to the contrary. The amount due was a vested right on the part of the petitioner. The party for whose benefit an alimony order has been entered has a vested right thereto and

past due instalments of alimony cannot be modified by any subsequent order of the court which originally entered the order. Stewart v. Stewart, 1 Ill App2d 283, 117 NE2d 579; Bush v. Bush, 316 Ill App 295, 44 NE2d 767; Wadler v. Wadler, 325 Ill App 83, 59 NE2d 505; Banck v. Banck, 322 Ill App 369, 54 NE2d 577; Shuff v. Fulte, 344 Ill App 157, 100 NE2d 502; Adler v. Adler, 373 Ill 361, 26 NE2d 504; Hallett v. Hallett, 10 Ill App2d 513, 135 NE2d 224. Past due instalments of alimony and support money are a vested right, and the court has no authority to modify them in any particular, either as to amount or time of payment. Shuff v. Fulte, 344 Ill App 157, 100 NE2d 502. If there are changed conditions, a petition to alter the future alimony or support money payments, if presented, might be allowed. Nevertheless, past due alimony or support money is vested and cannot be taken away. Stewart v. Stewart, 1 Ill App2d 283, 117 NE 2d 579. While the petitioner in this cause has not asked for interest on the arrearage, if she had so asked, she would have been entitled to interest on the monthly instalments after failure to pay. A decree of divorce that provides for weekly payments for support and maintenance for the children is a money decree and draws interest at the rate of 5% per annum until satisfied. Wadler v. Wadler, 325 Ill App 83, 59 NE2d 505; Shuff v. Fulte, 344 Ill App 157, 100 NE2d 502.

The order of the court of January 27, 1964, reducing the amount of past due alimony or support money due petitioner to $900 was in error. The amount due on that day, giving to the defendant credit for all payments, was a vested right in the petitioner.

While the court may not change the amount past due under a decree of the court, it does have the power to modify the terms of a decree as to alimony and maintenances as shall appear reasonable and prop-

267

er, the modification to apply to future payments. Chapter 40, Section 19, Illinois Revised Statutes. Our courts have laid down the rules upon which such modification shall be made. It must be shown that conditions and circumstances of the parties have materially changed since the entry of the decree, so as to make the modification equitable. Mayes v. Mayes, 23 Ill App2d 513, 163 NE2d 235; Cole v. Cole, 142 Ill 19, 31 NE 109; Cahill v. Cahill, 316 Ill App 324, 45 NE2d 69; Herrick v. Herrick, 319 Ill 146, 149 NE 820; Chalmers v. Chalmers, 31 Ill App2d 1, 175 NE2d 613. When substantial changes in the conditions and circumstances of the parties render modification necessary, the court has the power to so modify. Larson v. Larson, 21 Ill App2d 264, 157 NE2d 689; Garrett v. Garrett, 252 Ill 318, 96 NE 882. The power to modify the decree is a continuing power to be exercised in accordance with the needs and circumstances of the parties. Larson v. Larson, 21 Ill App2d 264, 157 NE2d 689; De La Cour v. De La Cour, 363 Ill 545, 2 NE2d 896. The courts cannot arbitrarily or capriciously alter or change decrees involving alimony or support money. There must be changes in the conditions and circumstances of the parties. Mayes v. Mayes, 23 Ill App2d 513, 163 NE2d 235. The measure of the sum paid is the need of the wife or children and the ability of the husband to pay. Herrick v. Herrick, 319 Ill 146, 149 NE 820. However, this power of modification only extends to future payments and cannot be exercised as to past due payments. The remarriage of the defendant and a child by the second marriage does not present, in itself, a change of conditions sufficient to warrant a modification. Although the effect may be to deprive a second wife of support, from a legal standpoint, the first come first and the second come second. In other words, the first obligations must be met before the second obligations can or will be considered. Chalmers v. Chalmers, 31 Ill App2d 1, 175 NE2d 613.

██ ██ Petitioner asked for attorney fees, which were not allowed in the order of January 27, 1964. There can be no serious contention that she is not entitled to these fees. When it becomes necessary that a party employ counsel to come into court to enforce her rights under a decree of that court, she is entitled to be allowed her reasonable attorneys' fees. Riddlesbarger v. Riddlesbarger, 341 Ill App 107, 93 NE2d 380; Shuff v. Fulte, 344 Ill App 157, 100 NE2d 502.

██ The question of whether the defendant had been guilty of contempt is a question of fact to be determined by the trial court after full hearing. The failure of the defendant to comply with the terms of the original decree and the supplemental decree cover a number of years and more than one state. The trial court should conduct a full and complete inquiry into the matter.

The judgment of the trial court of January 27, 1964, is reversed and remanded with instructions to enter judgment for the petitioner and against the defendant for the correct amount due petitioner under the original decree, after giving credit to defendant for all amounts paid, whether before the hearing or after; the trial court should hear evidence and allow petitioner a reasonable sum for her attorneys' fees in this matter; and the court should hear evidence to determine if the defendant has been guilty of contumacious contempt.

Reversed and remanded with directions.

DOVE, P. J. and WRIGHT, J., concur.