DONNA KATHLEEN KELLEHER, Plaintiff, *v.* PATRICK KELLEHER, Defendant-Appellee—(PATRICK JOSEPH KELLEHER, by his grandmother as his next friend, Appellant.)

(No. 59672; ■■■■■■■■)

First District (4th Division)—July 24, 1974.

602

Klein, Thorpe, Kasson and Jenkins, of Chicago, for appellant.

No appearance for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought on behalf of Patrick Joseph Kelleher, a minor child, by his grandmother as next friend, to compel the father, Patrick Kelleher, to pay past-due installments of child support. A petition for rule to show cause was filed on February 6, 1973, and the father filed a written objection to the petition. After a hearing before the Honorable Robert C. Buckley, the petition was dismissed.

The issues presented for review in this appeal are:

1) Whether the court granting the divorce has jurisdiction, upon presentation of a petition by the minor child, to enforce the child-support provision of the divorce decree.

2) Whether the trial court fulfilled its obligation in refusing to transfer the cause.

3) Whether past-due installments of child support are a vested obligation, and whether such obligation of the father to support his minor child is terminated by reason of the death of the person to whom custody of the minor child had been granted by the divorce decree.

The petitioner, Patrick Joseph Kelleher, is the minor child of the defendant and Donna Kathleen Kelleher. On October 5, 1956, the petitioner's parents were divorced. The divorce decree placed the petitioner, then age 6 months, in the custody of his mother and ordered the father to pay $20 each week for support of the child. Donna Kathleen Kelleher died in 1959. Since that time, the child has been residing with his maternal grandmother.

On August 28, 1972, the grandmother filed a petition for money judgment, seeking reimbursement of the funds which she had expended on behalf of the minor. The petition was denied on November 13, 1972. No appeal was taken from that order.

On February 6, 1973, the petitioner filed, through his grandmother

as next friend, a petition for rule to show cause. The petition alleged that the father made no child-support payments whatsoever, in violation of the terms of the child-support provision of the divorce decree.

The father's objections to the petition were as follows: (1) An order was entered on November 13, 1972, denying the request for the minor child to be named as a party plaintiff herein; (2) Said minor child is not a party to this cause; (3) Dorothy Williams has neither been named in this court as said child's next friend nor has she been given leave to file or appear as said child's next friend; (4) No basis is set forth in said petition for this court to have or take jurisdiction; and (5) If requested by this or any other court, he has legal and equitable defenses to any claim in connection with the instant subject matter against him and can set forth said defenses in an answer, if so requested.

On April 5, 1973, a hearing was held on the petition, and it was denied. A petition for rehearing was timely filed, and it was denied on June 12, 1973. Petitioner now brings this appeal.

■■ The appellee has not filed any briefs in accordance with Supreme Court Rule 341 (Ill. Rev. Stat. 1971, ch. 110A, § 341). This court may, in its sound discretion, determine the merits of the case or it may reverse because of the failure of the appellee to comply with the Supreme Court Rule. (*Shinn v. County Board of School Trustees* (1970), 130 Ill.App.2d 908, 266 N.E.2d 123; *People v. Spinelli* (1967), 83 Ill.App.2d 391, 227 N.E.2d 779; *Timmerman v. Wilson* (1966), 74 Ill.App.2d 224, 219 N.E.2d 767.) Because of the importance of the issues raised, we have decided to consider the merits of the case.

Petitioner correctly asserts that the court granting the divorce has jurisdiction to enforce the child-support provision of the decree. It is fully recognized that the proper forum in which to apply for the enforcement of the divorce decree is the court which entered it. *Stewart v. Stewart* (1954), 1 Ill.App.2d 283, 117 N.E.2d 579.

The Divorce Act (Ill. Rev. Stat. 1971, ch. 40, § 19) specifically authorizes enforcement of divorce decrees and provides in relevant part as follows:

> "Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonabe and just * * *."

■■ Moreover, the legislature has provided that a minor child, by his

guardian or next friend, may commence a civil action seeking equitable relief. (Ill. Rev. Stat. 1971, ch. 22, § 5.) This section reads as follows:

"Civil actions seeking equitable relief may be commenced and prosecuted by infants, either by guardian or next friend, and by conservators on behalf of the persons they represent."

■■ In view of the foregoing, we hold that the trial court had jurisdiction to hear the cause presented by the petitioner through his next friend.

Since the divorce court had full and continuing jurisdiction over enforcement of its decree and support order (*Kelley v. Kelley* (1925), 317 Ill. 104, 110, 147 N.E. 659, 661), we further hold that the court was under no obligation to transfer the cause to a different court.

We turn now to the crux of petitioner's argument. He urges that a minor child, by his grandmother as next friend, can compel the father to pay to the child arrearages in child support. After carefully weighing the argument set forth by petitioner, we are unable to agree with his position.

Petitioner asserts that past-due installments of child support are a vested right (*Slavis v. Slavis* (1973), 12 Ill.App.3d 467, 299 N.E.2d 413; *Stark v. Stark* (1971), 131 Ill.App.2d 995, 269 N.E.2d 107; *Gregory v. Gregory* (1964), 52 Ill.App.2d 262, 202 N.E.2d 139; *Hurt v. Hurt* (1953), 351 Ill.App. 427, 115 N.E.2d 638) and constitute a debt due from the father. (*Wilson v. Wilson* (1970), 122 Ill.App.2d 142, 257 N.E.2d 810; *Lewis v. Lewis* (1970), 120 Ill.App.2d 263, 256 N.E.2d 660; *Hallett v. Hallett* (1956), 10 Ill.App.2d 513, 135 N.E.2d 224; *Gregory v. Gregory* (1964), 52 Ill.App.2d 262, 202 N.E.2d 139.) However, in each of these instances, the action was commenced by the mother. Petitioner cites no Illinois authority for the proposition that a child may bring suit against his father to recover arrearages in child-support payments.

In other jurisdictions it has been consistently held that children have no direct interest in the money their father pays to their mother for support and may not sue their father to recover support payments. *Ben Ami v. Ben Ami* (1960), 8 N.Y.2d 885, 168 N.E.2d 723; *Garnant v. Garnant* (1959), 8 App. Div. 2d 814, 187 N.Y.S.2d 900; *Price v. Price* (Tex. Civ. App. 1946), 197 S.W.2d 200.

In *Price v. Price* (Tex. Civ. App. 1946), 197 S.W. 2d 200, the court of civil appeals of the State of Texas held that a child may not maintain a suit against his parents for support and maintenance. The parents separated and their agreement provided that the father should pay for the support, education and maintenance of the child until such time as his education had been completed. The agreement was subsequently approved by the court and made a part of its judgment in the divorce

proceedings. When the child reached his majority and sued on the agreement, the action was properly dismissed.

In *Ben Ami* (1960), 8 N.Y.2d 885, 168 N.E.2d 723, infant children brought an action against their divorced father on a separation agreement which required the divorced father to make payments in part to their mother and in part to a third person for support and maintenance of the children. The Special Term granted the motion of the divorced father to dismiss the complaint and denied the motion of the infant children for leave to serve a supplemental complaint, and the children appealed. The appellate division affirmed the orders and held that the infant children could not maintain the action.

■■ The duty of support is a joint obligation of both parents. The Divorce Act (Ill. Rev. Stat. 1971, ch. 40, § 19) authorizes the court to order the husband or wife to pay to the other party such money or property as the court deems equitable. The statute does not authorize support payments to be made directly to the child. Since the child is furnished support by other persons, we do not think an equitable result would obtain if we were to hold that the child has a right to sue his father for past-due support.

For the foregoing reasons, we affirm the trial court's dismissal of the petition.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.